IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ESCOBEDO SALAZAR,

    Petitioner,                    No. CIV S-09-3585 GGH P

   vs.

MATTHEW CATE,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis, on the form provided with this order, or submit the appropriate filing fee.

        The habeas petition is inadequate. While not set forth on the appropriate form (which is not necessarily fatal),[1] it expressly alleges at least one unexhausted claim for which

---

[1] The court may require a petitioner seeking a writ of habeas corpus to set forth his claims on the appropriate form, and limit its review of the petition to the information set forth on that form. See Rule 2(c), Rules Governing § 2254 Cases.

1

petitioner seeks discovery and an evidentiary hearing, and fails to include any state court records upon which this court may make an independent assessment. Petitioner states that he was convicted on April 12, 2007, on six counts of lewd acts with a child and two counts of attempted lewd acts. The California Court of Appeal thereafter affirmed the convictions and, on October 14, 2009, the California Supreme Court denied review. The petition raises the following claims: (1) introduction of, and reliance on, inadmissible evidence at trial (partial recording of telephone conversation, in Spanish, without providing English transcription, introduced for purpose of demonstrating participants' emotion), in violation of petitioner's Fifth and Fourteenth Amendment rights; and (2) ineffective assistance of trial counsel (failure to object to the recording, failure to challenge its authentication, failure to obtain transcript of the recording or require that the entire recording be introduced), in violation of petitioner's Sixth Amendment rights.

Petitioner asserts that "the allegations relating to Trial Counsel's deficient performance do not appear on the record," and "[t]he issues presented in this petition cannot be fairly considered on appeal, because the facts necessary to a determination of the issues are outside the record on appeal," and "the discovery of the facts underlying this petition was discovered after the time to file an appeal has passed."

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the

merits of a claim when the petitioner has fairly presented that claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).

Without the state court documents, this court cannot determine whether the state's highest court was given a full and fair opportunity to consider petitioner's claims.

Accordingly, petitioner will be given the opportunity to proceed in one of three ways.[2] First, petitioner can demonstrate to the court that he has indeed exhausted his state court remedies with respect to *every* claim. Or, petitioner may exhaust the unexhausted claims in state court by presenting those claims using the appropriate procedure to the California courts. He is advised to allege with particularity all the facts concerning these claims. After returning to the state court his claims may then be considered by the federal court. To pursue this option, petitioner may request a stay of his petition in this court and dismissal of his unexhausted claims so that he can exhaust them in state court before incorporating them in the stayed federal petition.

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Petitioner may also seek a stay by demonstrating that the unexhausted claim(s) potentially have merit, and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.  Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

In the alternative, petitioner may file an amended petition in this court raising only exhausted claims.  If petitioner chooses the second method, however, the court cautions that he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within twenty-eight days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to file an amended petition within twenty-eight days from the date of this order.  The amended petition must be filed on the form employed by this court, bear the case number assigned to this action and entitled "Amended Petition," and attach all supporting state court documents.  The amended petition must clearly set forth each of petitioner's claims, and the facts underlying those claims, identifying and demonstrating which claims are exhausted, and which claims are not exhausted;

3. Petitioner shall also file, within twenty-eight days from the date of this order, a short brief (no more than 5 pages) demonstrating exhaustion, *or* explaining his choice to dismiss the unexhausted claims and proceed on the exhausted claims only, *or* to seek a stay to exhaust the unexhausted claims.

4. If petitioner wishes to stay this action, he shall also file within twenty-eight days from the date of this order, a motion to stay.

5. The Clerk of the Court is directed to send petitioner copies of the in forma pauperis and habeas corpus application forms used by this district;

6. Petitioner's requests for discovery, an evidentiary hearing, and appointment of counsel are premature, and therefore denied at this time without prejudice.

SO ORDERED.

Dated: 1/20/10                    /s/ Gregory G. Hollows
                                  United States Magistrate Judge