IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ESCOBEDO SALAZAR,

    Petitioner,                      No. CIV S-09-3585 LKK GGH P

    vs.

FRANK X. CHAVEZ[1], Warden, et al.,    <u>ORDER AND</u>

    Respondents.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the amended petition filed on February 11, 2010. Pending before this court is respondent's May 27, 2010 motion to dismiss the petition on the ground that it contains only unexhausted claims. After carefully reviewing the record and the applicable law, the undersigned concludes that the motion should be denied.

---

[1] In the instant action, petitioner named Matthew Cate as respondent. Respondent requests the substitution of Frank X. Chavez, Warden at Sierra Conservation Center, as the correct respondent in this matter, as petitioner is currently serving his sentence at that facility. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court now substitutes in the correct respondent.

BACKGROUND

In 2007, following a jury trial in the Sacramento County Superior Court, petitioner was convicted of six counts of lewd and lascivious acts on a child under fourteen (Cal. Penal Code § 288(a)) and two counts of attempting to commit the same offense. On May 11, 2007, the trial court sentenced him to eighteen years in state prison. (Amended Petition (hereinafter, "Ptn.") at 4.)

On direct appeal, petitioner claimed that he "was denied due process of law when the trial court (1) permitted the prosecutor to play only a small portion of a pretext call, (2) let a 'biased interpreter' explain parts of the call; and (3) allowed the prosecutor to argue the 'emotion' of the call." (Lod. Doc. 1 (hereinafter "Opinion") at 1.) On July 27, 2009, the California Court of Appeal, Third Appellate District affirmed the judgment, holding that petitioner had forfeited his due process and fair trial claims by failing to raise such objections at trial. (Id. at 5.)

On August 31, 2009, petitioner filed a petition for review in the California Supreme Court. (Lod. Doc. 2.) The California Supreme Court summarily denied the petition on October 14, 2009. (Lod. Doc. 3.)

On December 28, 2009, petitioner filed a petition for writ of habeas corpus with this court. (Doc. #1.) On January 20, 2010, the undersigned dismissed the petition with leave to amend, noting that petitioner had alleged "at least one unexhausted claim" and "fail[ed] to include any state court records upon which this court may make an independent assessment[]" of the exhaustion issue. (Doc. #4 at 2.) The court ordered petitioner to file a short brief along with the amended petition "demonstrating exhaustion, or explaining his choice to dismiss the unexhausted claims and proceed on the exhausted claims only, or to seek a stay to exhaust the unexhausted claims." (Id. at 4.)

On February 11, 2010, petitioner filed his amended petition and short brief. (Doc. #5). The amended petition alleged due process violations in connection with the playing of a

portion of a pretext call at petitioner's trial; it also alleged ineffective assistance of trial counsel. (Ptn. at 8-10.) In his accompanying brief, petitioner asserted that both claims were exhausted. (Brief at 2.)

Respondent filed a motion to dismiss on May 27, 2010. Petitioner filed an opposition to the motion on October 1, 2010. Respondent filed a reply in support of the motion on October 12, 2010.

## ANALYSIS

I. Exhaustion - Legal Standard

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

It is not enough that all the facts necessary to support the federal claim were before the state courts, Picard, at 277, 92 S.Ct., at 513, or that a somewhat similar state-law claim was made. See Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887 (1995). The habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim. Picard, supra, 404 U.S. at 275, 277-278, 92 S.Ct. at 512, 513-514. See also, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 1204 (1982).

Petitioner has the burden of proving exhaustion of state court remedies and in California a petitioner must present his claims to the California Supreme Court. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1 | 1986).

2 | II. <u>Discussion</u>

3 |   Petitioner asserts the following two claims in the amended petition: (1) "The trial court denied petitioner's due process and fair trial rights by allowing the prosecutor to play a recording which was an excerpt of a [pretext] telephone call and allowing the prosecutor to argue the emotion of the call"; (2) "[t]rial counsel's performance fell woefully below a reasonable standard of professionalism which resulted in prejudice." (Ptn. at 8, 10.)

  Petitioner asserts that he exhausted both his due process and ineffective assistance of counsel claims. (Brief at 1.) The sole question presented in his attorney-drafted petition for review to the California Supreme Court concerned the circumstances under which a defendant forfeits the right to complain about the admission and use of a pretext call. (Lod. Doc. 2 at 2.) Nonetheless, petitioner argues, "even though the Petition for Review in State Supreme Court could be construed as insufficient by itself to raise those claims[,] the State Supreme Court received, concurrently with the [] Petition, a copy of" petitioner's opening brief on appeal and the court of appeal's decision, "and, combined, they were sufficient to raise Petitioner's claims before the California Supreme Court." (Opposition to MTD (hereinafter "Opp." at 2, citing <u>Kelly v. Small</u>, 315 F. 3d 1063 (9th Cir. 2003)).

  The fact that petitioner submitted his appellate brief and the court of appeal's decision along with his petition for supreme court review does not aid him in his attempt to show exhaustion. In <u>Baldwin v. Reese</u>, 541 U.S. 27, 32, 124 S.Ct. 1347 (2004), the Supreme Court held that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Here as in <u>Baldwin</u>, the state supreme court judges had no obligation to read petitioner's attached materials, only the petition for review. Thus, insofar as petitioner's claims were not presented to the state supreme court in his petition, they were not "fairly presented" for exhaustion purposes.

4

See also Castillo v. McFadden, 399 F.3d 993, 999-1000 (9th Cir. 2005) (petitioner's "supplemental briefing" was not part of his petition for state court review for purposes of exhaustion); Galvan v. Alaska Dept. of Corrections, 397 F.3d 1198, 1202 (9th Cir. 2005) ("[b]ecause Galvan did not claim in her petition to the Alaska Supreme Court that her federal constitutional right had been violated, it does not matter what she did in the Alaska Court of Appeals.")

The undersigned now considers whether petitioner fairly presented either of his federal constitutional claims within the "four corners" of his petition to the state supreme court.

Due Process

To have exhausted a federal claim, petitioner must have

> "characterized the claims he raised in state proceedings specifically as federal claims." Lyons v. Crawford, 232 F.3d 666, 670 (2000) (emphasis in original), as modified by 247 F.3d 904 (9th Cir.2001). Consistent with the recognition that state and federal courts are jointly responsible for interpreting and safeguarding constitutional guarantees, we have held that citation to either a federal or state case involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion. See id.; Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir.2003) (en banc) ("[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue."). In short, the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation.

Castillo, supra, 399 F.3d at 999.

In his state court petition for review, petitioner set forth the facts underlying his claim on direct appeal that the admission and characterization of portions of a pretext call had violated his right to a fair trial. (Lod. Doc. 2 at 4-7.) He asserted, without citation, that "[t]he bits and pieces of the call admitted at trial for their emotional impact on jurors violated petitioner's federal constitutional right to due process and to have the charges decided on the basis of reliable, relevant evidence rather than emotion." (Id. at 3.) Elsewhere in the petition, he

5

stated that "case law has held that basic due process in a criminal trial requires that a jury in a criminal case hear and consider only relevant, reliable evidence." (Id. at 8, citing Miller v. Stagner, 757 F.2d 998, 994-995 (9th Cir. 1985).)  In Miller, the Ninth Circuit set forth the legal standard for habeas review of a federal due process claim:

> In a habeas proceeding, determining whether the exclusion of evidence in the trial court violated petitioner's due process rights involves a balancing test. In weighing the importance of evidence offered by a defendant against the state's interest in exclusion, the court should consider the probative value of the evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the attempted defense. Perry v. Rushen, 713 F.2d 1447, 1452-53 (9th Cir.1983), cert. denied, 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984).  A court must also consider the purpose of the rule; its importance; how well the rule implements its purpose; and how well the purpose applies to the case at hand. The court must give due weight to the substantial state interest in preserving orderly trials, in judicial efficiency, and in excluding unreliable or prejudicial evidence.

Id. at 994-995. [3]

Respondent argues that "an examination of the petition for review reveals that the issue presented to the California Supreme Court was whether the California Court of Appeal erred in finding Petitioner's arguments forfeited." (MTD at 3.)  Respondent is correct in that this was the sole issue primarily presented for review (Lod. Doc. 2 at 2) and any other arguments were subsidiary to petitioner's argument that he did not forfeit his claims.  However, the undersigned finds that petitioner sufficiently presented, as a secondary argument, a claim that his federal due process rights were violated by the admission of the pretext call, so as to meet the exhaustion standard under AEDPA.  Respondent's motion should therefore be denied as to claim one.

---

[3] That Miller may not set the applicable standard after AEDPA does not detract that a federal issue was discussed in the briefing.

<u>Ineffective Assistance</u>

In challenging the court of appeal's finding that petitioner forfeited his claims, petitioner argued that his failure to object to "any aspect of the [pretext] call" was due to his trial counsel's ineffective assistance. (Lod. Doc. 2 at 10-11.) Petitioner cited no federal authority for this point. However, he did cite a state case, <u>People v. Nation</u>, 26 Cal. 3d 169, 179 (1980), in which the California Supreme Court set forth the following federal standard:

> The right to effective assistance of counsel was first articulated by the United States Supreme Court in reversing the rape convictions of the "Scottsboro Boys." ( <u>Powell v. Alabama</u> (1932) 287 U.S. 45, 71.) A significant line of recent cases has expanded the constitutional guarantee of an accused's right to counsel (<u>Gideon v. Wainwright</u> (1963) 372 U.S. 335, 344) to include the right to the effective assistance of reasonably competent counsel. (<u>McMann v. Richardson</u> (1970) 397 U.S. 759, 771; <u>United States v. DeCoster</u> (D.C.Cir. 1973) 487 F.2d 1197, 1202; <u>People v. Pope</u> (1979) 23 Cal.3d 412, 423-424.) The right to adequate assistance of counsel, grounded on the Sixth Amendment of the United States Constitution and section 15 of article I of the California Constitution, is in addition to the general due process protection of a fair trial; it focuses "on the quality of the representation provided the accused." [Citation.]

(Lod. Doc. 2 at 10.) In conjunction with the facts underlying petitioner's claim of ineffective assistance of counsel (<u>see</u> <u>id</u>. at 4-7), the undersigned finds that this sufficed to fairly present petitioner's ineffective assistance claim to the state supreme court, insofar as that claim concerns trial counsel's failure to object to admission and characterization of the pretext call. Insofar as petitioner's Sixth Amendment claim concerns his trial counsel's handling of aspects of the trial other than the pretext call, it is not exhausted. Thus, respondent's motion should be denied as to claim two, which should in turn be construed narrowly as concerning trial counsel's actions or inactions concerning the pretext call.

Accordingly, IT IS ORDERED that the Clerk of Court is to substitute Frank X. Chavez, Warden, as respondent in the docket of this case.

It is hereby RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. #14) be denied.

2. Respondent be directed to file an answer to the petition within twenty-eight days of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

DATED: 01/31/2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:0014
sala3585.mtd